**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHN ANTHONY CASTRO,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| *v.* | ) | **Case No. _____** |
| | ) | |
| **THEODORE "TED" GUDORF AND** | ) | |
| **GUDORF LAW GROUP, LLC** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff John Anthony Castro (hereinafter "John Castro" or "Castro"), files this lawsuit against Theodore "Ted" Gudorf and Gudorf Law Group, LLC (hereinafter "Ted Gudorf," "Gudorf," "Gudorf Law," Or individually as "Defendant" or collectively as "Defendants") on behalf of himself and alleges, by and through his attorney of record, as follows:

## JURISDICTION AND VENUE

1. This Court has subject-matter jurisdiction over this action under 28 U.S.C. §1332.

2. This is a suit arises under Texas State Law and is a claim for Defamation and a claim for Right of Publicity. These claims arise under Tex. Civ. Prac. & Rem. Code §73 and the common law, respectively.

3. Venue is proper in this Court under 28 U.S.C. §1332(a) because this is a civil action, and all or a substantial portion of the persons or property the subject of this suit is located in Texas.

4. Specifically, the sum sought to be recovered is $3,600,000.00 in actual and compensatory damages. As divided among the counts of this complaint.

## PARTIES

5.      John Anthony Castro, is an individual, whose office address is 1701 Pennsylvania Ave. NW, Suite 300, Washington, DC 20006.

6.      Defendant Theodore "Ted" Gudorf is an attorney who runs his own legal practice out of Ohio. Gudorf may be served at his office located at 8153 North Main St., Dayton, OH 45415.

7.      Defendant Gudorf Law Group, LLC is the legal practice owned and operated by Defendant Gudorf. Gudorf Law Group, LLC may also be served at its principal office located at 8153 North Main St., Dayton, OH 45415.

## FACTUAL ALLEGATIONS

8.      John Anthony Castro is the founder and managing partner of a U.S. based International Tax law firm known as Castro & Co., LLC (hereinafter "Castro & Co.") that specializes in International Tax matters. Services provided by Castro & Co. to clients include: U.S. based Federal annual tax compliance, issuing tax opinions on complex International and Tax Treaty compliance issues, tax return amendments, tax planning and consulting, among other tax matters.

9.      On or about May 2013, Defendant hired Castro to assist him in integrating a tax practice Defendant had purchased from a CPA into his existing Estate Planning Practice. Castro was a recent graduate of Georgetown Law School with a Master of Laws in International Taxation. Castro accepted the job and moved himself and his family to Dayton, Ohio to work for Defendant.

10.      It quickly became clear that the job was not as Defendant had originally described to Castro. In addition to having Castro work to integrate the tax practice into Defendant's existing Estate Planning practice, Defendant expected and required Castro to grow the tax practice and bring in new tax clients. This included Defendant's expectation that Castro would handle

marketing efforts to promote the tax practice, but Defendant failed to provide guidance or even financial support for any marketing efforts.

11.     After 6 months of working for Defendant, Castro continued to be required by Defendant to handle matters outside of the initial anticipated and agreed scope of employment. Additionally, Defendant was advertising on his website that Castro was a new "associate" with the firm leading the public to believe that Castro was licensed by the State Bar of Ohio. However, Castro was not licensed with the Ohio State Bar, a fact that Defendant was well aware of even before hiring Castro.

12.     Castro determined it was time for him to look for more suitable employment and began to look for other opportunities in the field of International Taxation. Eventually, Castro was able to find work with the firm of CliftonLarsonAllen, LLP (hereinafter "CLA") in their Orlando office. Castro accepted a job with CLA and notified Defendant he would be moving to Florida in short order for the new position.

13.     Despite leaving the employment of Defendant in December 2013 and unquestionably cutting ties with Defendants (Gudorf and Gudorf Law), it later came to Castro's attention that his name was still listed on Defendants' website and Defendant was personally telling clients and potential clients that Castro was still with the firm and was temporarily on vacation. The use of Castro's name and credentials was completely without the consent, permission, or knowledge (until later) of Castro.

14.     In October 2017, Castro's firm, Castro & Co., LLC was the premiere sponsor of a well-known estate planning conference WealthCounsel's Annual Symposium. Defendant is a long-time member of the WealthCounsel organization, which is a membership organization attorneys may choose to pay a monthly fee to become members and enjoy the benefits of

membership. At the Symposium Defendant recognized Castro and realized that Castro was the premiere sponsor of the conference.

15.     After making this realization, Defendant began to slander Castro to the WealthCounsel organization and other attorneys at the conference. Defendant made unfounded claims that Castro was engaged in unethical and illegal activity. Defendant's claims were disseminated to potential clients and important marketing contacts.

16.     Defendant was well aware that Castro & Co. was attending the conference for the purpose of promoting its business and generating additional business contacts. Defendant knew, or should have known, that his claims were false and in fact Castro was not involved in any unethical or illegal activity. However, Defendant's comments were disseminated with this knowledge and with the intent to substantially harm Castro's reputation and cause Castro to lose business opportunities among WealthCounsel members.

## COUNT I
### (Defamation as to Both Defendants)

17.     The elements of a cause of action for defamation are (1) the defendant published a statement of fact; (2) the statement referred to the plaintiff; (3) the statement was defamatory; 4) the statement was false; (5) with regard to the truth of the statement, the defendant was acting with actual malice; and (6) the plaintiff suffered pecuniary injury. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015).34. For a statement to be actionable in defamation, it must expressly or impliedly assert facts that are objectively verifiable. See *Benltey v. Bunton*, 94 S.W.3d 561, 579-81 (Tex. 2002); see also *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 19 (1990). Defendant disseminated a statement of fact when he initiated conversations among a number of WealthCounsel employees and members with whom, he knew or should have known, Castro had, maintained, or sought business relationships. In an attempt to destroy Castro's personal and business reputation,

Defendant intimated that Castro was a fraud, Castro had no legal ability to provide legal services through his firm, and that Castro was engaged in unethical and illegal activity.

18. To prove an action for defamation, the plaintiff must establish the statement published by the defendant was defamatory. A statement is considered libel per se if it was so obviously hurtful to the plaintiff that no proof of the statement's injurious character is required to make it actionable. *Meisel v. U.S. Bank*, 396 S.W.3d 675, 678 (Tex.App. – Dallas 2013, no pet.). A statement that injures a person in her office, profession, or occupation is considered libel per se. *Hancock v. Variyam*, 400 S.W.3d 59, 63-64 (Tex.2013). Defendant's statements that Castro was a fraud, Castro had no legal ability to provide legal services through his firm, and that Castro was engaged in unethical and illegal activity are unquestionably hurtful to Castro, his business, and his reputation. The fact that Defendant disseminated the statement to WealthCounsel employees and members clearly injured Castro in his profession.

19. Defendant's statements that Castro was a fraud, Castro had no legal ability to be providing the services provided through his firm, and that Castro was engaged in unethical and illegal activity are undeniably false. Castro can and will show that none of Defendant's defamatory statements can be substantiated. Defendant knew or should have known this information this when he spread his message at the conference but Defendant insisted on disseminating his message anyway intending to destroy Castro's business opportunities within the WealthCounsel organization.

20. Defendant Gudorf was simultaneously acting in his capacity as principal of Defendant Gudorf Law and thus Gudorf Law is implicated in this cause of action as well.

### COUNT II
### (Common Law Right of Publicity/Misappropriation as to Both Defendants)

21. The elements of a cause of action for Right of Publicity or Misappropriation are (1)

the defendant appropriated the plaintiff's name or likeness for its value rather than incidentally or for a newsworthy purpose; (2) the plaintiff can be identified from the publication; (3) the defendant received an advantage or benefit as a result of such appropriation. *Matthews v. Wozencraft*, 15 F.3d 432 (5th Cir. 1994); *Henley v. Dillard Dep't Stores*, 46 F.Supp.2d 587 (N.D. Tex. 1999). If these three prongs are met there has been an unauthorized use of an individual's name or likeness. It is sufficient to satisfy the third prong of this test if the defendant's use of the individual's name likely led to some benefit, commonly commercial, that the defendant would otherwise not have received. The plaintiff generally does not need to prove that the defendant actually made a profit from the use, though the benefit cannot be purely incidental. *See Henley*. Defendants failed to remove Castro's information from their website after Castro separated from Gudorf Law Group, LLC. Defendants continued to use Castro's name and credentials on the website in a capacity other than incidentally or for newsworthy purposes. Castro could clearly be identified from the website content. Defendant was using such information to advantage or benefit himself and his firm as evidenced by his failure to update the website and his continued representation to clients and potential clients that Castro still worked for the firm.

22.     Defendant Gudorf in operating his website was simultaneously acting in his capacity as principal of Defendant Gudorf Law and thus Gudorf Law is implicated in this cause of action as well.

## DAMAGES

23.     As a direct and/or proximate result of Defendants' wrongful conduct, Castro has suffered actual, consequential and/or incidental monetary damages.

24.     Plaintiff, John Anthony Castro, seeks an award of attorney's fees, litigation costs, administrative costs, expenses, and any other permissible amount to the furthest extent legally

permissible under Texas Law.

25.　　Plaintiff, John Anthony Castro, seeks actual compensatory damages in the amount of $1,200,000.00 for the damage to Castro's reputation and business prospects among WealthCounsel members.

26.　　Plaintiff, John Anthony Castro, also seeks an award of $1,200,000.00 in damages for Defendants' misappropriation of Castro's name and credentials, along with $1,200,000.00 in profits attributed to the use of Castro's name and credentials.

27.　　Plaintiff, John Anthony Castro, seeks judgement for such sums in addition to pre- and post- judgment interest, costs of court, and such other and any other relief to which he may be entitled.

## JURY DEMAND

28.　　Plaintiff hereby demands a trial by jury.

## PRAYER

WHEREFORE, Plaintiff herein respectfully prays that Theodore "Ted" Gudorf and Gudorf Law Group, LLC be cited to appear and answer, and that upon jury trial, he recover a judgment against Theodore "Ted" Gudorf and Gudorf Law Group for all damages sought, including costs of court, prejudgment interest at the highest rate allowed by law, interest on the judgement at the highest legal rate from the date of judgment until collected, and any other relief, in law and in equity, to which he may be entitled.

Respectfully submitted,

Dated: March 12, 2018

*Josh Milam*
JOSHUA S. MILAM
Texas Bar No. 24102203
**CASTRO & CO., LLC**
J.Milam@CastroAndCo.com
13155 Noel Road, Suite 900
Dallas, TX 75240
Tel. (214) 998-9607
Fax: (866) 700-7595

**ATTORNEY FOR PLAINTIFF**